[Opinion delivered June 21, 1880.]

---

## J. W. NANCE v. WASH. WARREN.

(Case No. 3623.)

1. SPECIFIC PERFORMANCE — PAYMENT OF PURCHASE MONEY UNDER GARNISHMENT PROCEEDINGS.— Payment by a vendee of the amount due his vendor under a contract for the purchase of land, on a judgment against him as garnishee, in a suit against his vendor, is a sufficient payment of the purchase money to entitle him to specific performance. Scarborough *v.* Arrant, 25 Tex., 129.

2. VERDICT — PROOF CONFLICTING.— Where the proof is conflicting, the jury are the judges of the weight of the testimony and the credibility of the witnesses; though the verdict may fail to satisfy the court on appeal, it cannot be disturbed.

APPEAL from Brazos. Tried below before the Hon. Spencer Ford.

This suit was instituted by Warren against Nance to enforce the specific performance of an agreement for the sale of a tract of land.

The allegations of the petition as amended are, substantially, that on the 10th February, 1872, Warren purchased from Nance thirty-five acres of land, paying him cash $75, and delivering to him his note for $170, due 1st January, 1873, with interest; that Nance made him a bond to make title to him when the note should be paid; that he went into possession of the land; that one Gottschalk recovered a judgment against Nance for $275, and a writ of garnishment was issued thereon against Warren, and judgment rendered against him for that amount in August, 1874, which Warren has fully paid off and discharged. He prayed that Nance be decreed to make title to him for the land.

The defendant demurred, and answered, setting up a rescission of the contract.

There was a verdict and judgment for the plaintiff, vesting the title in Warren, and from this judgment Nance has appealed.

The assignments of error upon which the appellant relies are:

1. That the court erred in refusing to sustain the exceptions to the plaintiff's petition and amended petition.

2. That the court erred in the giving and refusal of charges.

3. In refusing a new trial.

*J. D. Thomas*, for appellant.

*P. D. Page*, for appellee.

QUINAN, J.— The exception to the petition is based upon the idea that there is no allegation of the payment of the

balance of the purchase money; but this is evidently a mistake. The amended petition avers the payment of the whole of the Gottschalk judgment.

The third assignment of errors, that the court erred in its second instruction to the jury, that the payment of the amount due on the land to a judgment creditor of Nance would be equivalent to a payment to Nance, is not, we think, well taken. Warren was served with a writ of garnishment; he was indebted to Nance upon the land, and therefore subject to the writ, and could not have avoided payment of the money. It was in no sense a voluntary payment of his debt to a third person; nor was he obliged to abandon his purchase, because the service of the garnishment upon him prevented his payment of the money to Nance himself, to whom it was past due. The payment of the judgment against him was a substantial compliance with his agreement. The failure of Warren to answer the garnishment worked injury only to himself, in that he suffered judgment to go against him for a larger amount than he owed Nance, and of this Nance cannot complain. Warren was guilty of no such inexcusable negligence as would deprive him of the right to have a specific performance of the agreement. Scarborough v. Arrant, 25 Tex., 129.

It is objected that the court erred in refusing to give the sixth instruction asked by the defendant. This objection assumes that the court charged the jury that a rescission of the contract between Nance and Warren could not be proven by parol, but this is not supported by the record. In fact the third and fourth charges of the court assert the contrary, and embraced fully the law of the case as applicable to the proof. The court charged the jury, "that if Warren and Nance agreed to rescind the contract for the sale of the land, and Nance was to destroy and did destroy the note of Warren, and Warren was to destroy the bond, and that Nance paid back to Warren the $75 paid, and Warren surrendered the possession of the land as owner and took a lease from Nance and held possession of the land as tenant of Nance, you will find for the defendant. If Warren has been in

possession of the land since the time of the execution of the bond, claiming and holding it as his own land, you cannot find that the contract of sale has been rescinded." And this, we think, was no more than to instruct the jury, as they should have been instructed, that the rescission of the contract must be proven unequivocally, by the facts and circumstances, when it is sought to be established by parol. Story, Eq., 770, n.

We are of opinion there was no error in the refusal to give the other instructions asked by defendant. They embodied the proposition that a payment of the Gottschalk judgment was not a compliance with Warren's agreement, which, as we have seen, is not a correct view of the law.

There was no error in the refusal to grant a new trial. The proof was conflicting, but there certainly was sufficient testimony to warrant the finding of the jury, and it was for them to judge of the weight of the testimony and the credibility of the witnesses. In such case their verdict, though it may fail to satisfy us, cannot be disturbed.

On the whole, there is no error for which the judgment should be reversed, and it will be affirmed.

AFFIRMED.